Colcock, J.
delivered the opinion of the Court.
On the first ground I entertain no doubt. Whether the witness be viewed as an attorney, or common agent, he was competent. Where the interests of third persons are concerned, those who may be ultimately hable, must ex necessitate be admitted as witnesses. Here the oath of the witness did not shield him from an action by any of the parties, to whom, under any circumstances, he may have been liable. This .verdict could not have been given in evidence in any suit, which might be brought against him for a misapplication of the money, by Nagel, or any one else, who could have maintained such a suit.
But if Col. Simkins had been incompetent as a witness, it would not have been a sufficient ground for a new trial ; for m the absence of proof that the debtor had directed how the money should be applied, he had an undoubted authority to apply it as he thought proper. Nor can the application be considered as an improper, oran injudicious one, for Cartwright had a judgment against Nagel, and Marshall had only commenced an action. It was reasonable, therefore, to suppose, that the debt- or himself would extinguish, in the first instance, that debt, for the payment of which his property might be at any moment sold, or his body arrested.
On the second ground, it is, perhaps, not necessary to decide, whether under any circumstances Nagel, one of the defi.nd-ants, could have been admitted as a witness. It is contended, that being released by rl hompson from any responsibility to him, lie was competent, and it is said that the release offered was sufficient. Now admitting the first proposition to be true, it is clear, that the release given by an attorney for bis client, without liis authority, is not binding on him. The release then, being insufficient, it follows that Nagel was not competent, even on the ground assumed by his counsel. But with a sufficient re *310 lease from Thompson, his co-defendant Nagel was not competent. He would have been swearing off his own liability as well as that of Thompson. There was no judgment against him. 1 am aware that there are some cases, in which when the liability of a defendant is fixed, he may be admitted to prove that his co-defendant is not liable; such as actions in tort, where if one defendant has suffered judgment to go by default, he may give evidence that a co-defendant is not chargeable. 3 Stark. Ev. part 4. 1063. But these, I take it, are rather exceptions to the general rule, which is one founded in some measure on policy, to prevent perjury. 3 Stark. Ev. part 4. 1061. 2 Camp. 334. note. Under the circumstances of this case, however, Na-gel was not competent.
Motion refused.